IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISMARA LABARRERE-ABREU,

      Plaintiff,

v.                                                            No. 1:25-cv-00299-SCY

CARVANA CO. d/b/a CARVANA LLC and
ERNEST C. GARCIA III,

      Defendants.

### ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO FILE AMENDED COMPLAINT

This matter comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 24, 2025 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 24, 2025 ("Application").

#### Order Granting Application to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and stated: (i) Plaintiff's average monthly income amount during the past 12 months is $3,000.00; and (ii) his monthly expenses total $4,997.82 to $5,097.82.00. Thus, Plaintiff is unable to pay the costs of these proceedings because his monthly expenses exceed his monthly income.

## Order to Show Cause

Plaintiff alleges that he:

lawfully tendered a Bill of Exchange (a negotiable instrument) in good faith to settle an alleged auto financing obligation, in accordance with 12 C.F.R. § 201.108, UCC § 3-310, and GAAP accounting principles. . . Respondents refused to honor the payment . . . continued to report the account as delinquent . . . imposed a lien on Petitioner's automobile without valid authorization and are now attempting repossession . . . Respondents have failed to act in good faith, violating federal banking laws, financial disclosure regulations, and tax reporting requirements. Furthermore, their legal representatives, acting in bad faith, have advised them to continue these deceptive practices in violation of 12 C.F.R. § 37.3(b) (misrepresentation of banking transactions) and 26 C.F.R. § 1.6050P-1 (failure to discharge a debt).
. . . .

2. [Defendants] [f]ailed to honor the negotiable instrument, violating UCC § 3-310, 12 C.F.R. § 201.108, and GAAP Rule ASC 405-20-40-1, which require proper processing of financial instruments.

3. [Defendants] [d]id not issue a required IRS Form 1099-C, which is mandated when a debt is discharged, violating 26 C.F.R. § 1.6050P-1.

Complaint at 3, 5 (emphasis omitted). Plaintiff invokes federal question jurisdiction over his claims. However, the Court notes several deficiencies with the federal law claims.

First, the Complaint fails to state a claim pursuant to 12 C.F.R. § 201.108. Plaintiff alleges Section 201.108 "require[s] proper processing of financial instruments" and that Defendants "failed to honor the negotiable instrument." Complaint at 5. Section 201.108, however, does not set forth any processing requirements for financial instruments; it only identifies "the principal agency obligations eligible as collateral for advances." 12 C.F.R. § 201.108.

Second, the Complaint fails to state a claim pursuant to 12 C.F.R. § 37.3(b). "A national bank is authorized to enter into debt cancellation contracts and debt suspension agreements and charge a fee therefor, in connection with extensions of credit that it makes." 12 C.F.R. § 37.1 (stating Part 37 "sets forth the standards that apply to debt cancellation contracts and debt suspension agreements entered into by national banks" and that the "purpose of these standards is to ensure that national banks offer and implement such contracts and agreements consistent with safe and sound banking practices, and subject to appropriate consumer protections"). Section 37.3(b) prohibits certain contract terms and practices such as misrepresentations.

Here, Plaintiff alleges Defendants violated 12 C.F.R. § 37.3(b) by "fraudulent omission of material facts regarding the securitization[1] of the auto loan." Complaint at 5. However, the Complaint contains no allegations that either Defendant Carvana or Defendant Ernest C. Garcia

---

[1] "Securitize" means "[t]o convert (assets) into negotiable securities for resale in the financial market, allowing the issuing financial institution to remove assets from its books, and thereby improve its capital ratio and liquidity, and to make new loans with the security proceeds if it so chooses." Black's Law Dictionary (12th ed. 2024).

3

are a "national bank" for purposes of Part 37 or that Defendants entered into a debt cancellation contract and debt suspension agreement with Plaintiff.

Third, the Complaint fails to state a claim under 26 C.F.R. § 1.6050p-1, which requires that certain entities that discharge an indebtedness of any person must file an information return on Form 1099-C with the Internal Revenue Service. *See Heredia v. Capital Mgmt. Services, L.P.*, 942 F.3d 811, 816 (7th Cir. 2019) ("The Internal Revenue Service requires a creditor to file a 1099C form if it has forgiven at least $600 in principal"). There are no allegations that Defendants discharged[2] Plaintiff's debt. *See* Complaint at 9 (stating Plaintiff is "prepared to dismiss this case, provided that [Defendants] Fully discharge the debt using proper accounting procedures") (emphasis omitted).

Fourth, the Complaint fails to state a claim based on Defendants' alleged violation of GAAP[3] rules because there are no allegations showing that Defendants intended to mislead investors. *See In re Gold Resource Corp. Securities Litigaiton*, 776 F.3d 1103, 1113 (10th Cir. 2015) ("Companies must adhere to generally accepted accounting principles ('GAAP') when recognizing revenue in their publicly disclosed financial statements"); *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1261 (10th Cir. 2001) ("[A]llegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim. Only where such allegations are coupled with evidence that the violations or irregularities were the result of the defendant's fraudulent intent to mislead investors may they be sufficient to state a claim.") (citation omitted).

---

[2] "Discharge" means, among other things, "Any method by which a legal duty is extinguished; esp., the payment of a debt or satisfaction of some other obligation." Black's Law Dictionary (12th ed. 2024).

[3] "GAAP" appears to refer to "generally accepted accounting principles."

Given these deficiencies, the Court orders Plaintiff to either amend the complaint to plausibly state federal law claims or to show cause why Plaintiff believes the claims are sufficient in their current form. The Court notifies Plaintiff that if it dismisses Plaintiff's federal law claims, then the Court may dismiss Plaintiff's state law claims, such as those for unjust enrichment, conversion, fraudulent concealment, breach of fiduciary duty and for violations of the UCC.[4] *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

## Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause and file an amended complaint. The Court will address service after this Order to Amend is resolved.

---

[4] It appears Plaintiff may be asserting UCC claims pursuant to state law. "The Uniform Commercial Code as drafted by the National Conference of Commissioners on State Laws and American Law Institute (the Code) is a collection of proposed model laws designed for application across state and federal jurisdictions."*Autovest, L.L.C. v. Agosto*, 2025-NMSC-001, ¶ 24. "New Mexico adopted the UCC in 1961." *Badilla v. Wal-Mart Stores East Inc.*, 2015-NMSC-029, ¶ 14 (citing N.M.S.A. §§ 55-1-101 to 55-12-111). Plaintiff has not cited any authority showing that his UCC claims arise under federal law. *See Davison v. Grant Thornton LLP*, 582 F. App'x 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

## Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov

## Compliance with Rule 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 24, 2025, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case by responding to the deficiencies outlined above; or (b) file an amended complaint that corrects the deficiencies outlined above. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

*[signature: Steve Yarbrough]*

**UNITED STATES MAGISTRATE JUDGE**