IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISMARA LABARRERE-ABREU,

      Plaintiff,

v.                                                                 No. 1:25-cv-00299-DHU-SCY

CARVANA CO. d/b/a CARVANA LLC and
ERNEST C. GARCIA III,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

*Pro se* Plaintiff alleges that she:

lawfully tendered a Bill of Exchange (a negotiable instrument) in good faith to settle an alleged auto financing obligation, in accordance with 12 C.F.R. § 201.108, UCC § 3-310, and GAAP accounting principles. . . Respondents refused to honor the payment . . . continued to report the account as delinquent . . . imposed a lien on Petitioner's automobile without valid authorization and are now attempting repossession . . . Respondents have failed to act in good faith, violating federal banking laws, financial disclosure regulations, and tax reporting requirements. Furthermore, their legal representatives, acting in bad faith, have advised them to continue these deceptive practices in violation of 12 C.F.R. § 37.3(b) (misrepresentation of banking transactions) and 26 C.F.R. § 1.6050P-1 (failure to discharge a debt).
. . . .

2.  [Defendants] Failed to honor the negotiable instrument, violating UCC § 3-310, 12 C.F.R. § 201.108, and GAAP Rule ASC 405-20-40-1, which require proper processing of financial instruments.

3.  [Defendants] Did not issue a required IRS Form 1099-C, which is mandated when a debt is discharged, violating 26 C.F.R. § 1.6050P-1.

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 3-5, Doc. 1, filed March 24, 2025

("Complaint"). Plaintiff asserts claims for violations of the federal regulations cited above and

state-law claims for unjust enrichment, conversion, fraudulent concealment, breach of fiduciary duty and for violations of the UCC.[1] *See* Complaint at 5-6.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

First, the Complaint fails to state a claim pursuant to 12 C.F.R. § 201.108. Plaintiff alleges Section 201.108 "require[s] proper processing of financial instruments" and that Defendants "failed to honor the negotiable instrument." Complaint at 5. Section 201.108, however, does not set forth any processing requirements for financial instruments; it only identifies "the principal agency obligations eligible as collateral for advances." 12 C.F.R. § 201.108.

Second, the Complaint fails to state a claim pursuant to 12 C.F.R. § 37.3(b). "A national bank is authorized to enter into debt cancellation contracts and debt suspension agreements and charge a fee therefor, in connection with extensions of credit that it makes." 12 C.F.R. § 37.1 (stating Part 37 "sets forth the standards that apply to debt cancellation contracts and debt suspension agreements entered into by national banks" and that the "purpose of these standards is to ensure that national banks offer and implement such contracts and agreements consistent with safe and sound banking practices, and subject to appropriate consumer protections"). Section 37.3(b) prohibits certain contract terms and practices such as misrepresentations.

Here, Plaintiff alleges Defendants violated 12 C.F.R. § 37.3(b) by "fraudulent omission of material facts regarding the securitization1 of the auto loan." Complaint at 5. However, the Complaint contains no allegations that either Defendant Carvana or Defendant Ernest C. Garcia are a "national bank" for purposes of Part 37 or that Defendants entered into a debt cancellation contract and debt suspension agreement with Plaintiff.

Third, the Complaint fails to state a claim under 26 C.F.R. § 1.6050p-1, which requires that certain entities that discharge an indebtedness of any person must file an information return on Form 1099-C with the Internal Revenue Service. *See Heredia v. Capital Mgmt. Services, L.P.*, 942 F.3d 811, 816 (7th Cir. 2019) ("The

---

[1] It appears Plaintiff may be asserting UCC claims pursuant to state law. "The Uniform Commercial Code as drafted by the National Conference of Commissioners on State Laws and American Law Institute (the Code) is a collection of proposed model laws designed for application across state and federal jurisdictions." *Autovest, L.L.C. v. Agosto*, 2025-NMSC-001, ¶24. "New Mexico adopted the UCC in 1961." *Badilla v. Wal-Mart Stores East Inc.*, 2015-NMSC-029, ¶ 14 (citing N.M.S.A. §§ 55-1-101 to 55-12-111). Plaintiff has not cited any authority showing that her UCC claims arise under federal law. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

> Internal Revenue Service requires a creditor to file a 1099C form if it has forgiven at least $600 in principal"). There are no allegations that Defendants discharged[2] Plaintiff's debt. *See* Complaint at 9 (stating Plaintiff is "prepared to dismiss this case, provided that [Defendants] Fully discharge the debt using proper accounting procedures") (emphasis omitted).
>
> Fourth, the Complaint fails to state a claim based on Defendants' alleged violation of GAAP[3] rules because there are no allegations showing that Defendants intended to mislead investors. *See In re Gold Resource Corp. Securities Litigation*, 776 F.3d 1103, 1113 (10th Cir.2015) ("Companies must adhere to generally accepted accounting principles ('GAAP') when recognizing revenue in their publicly disclosed financial statements"); *City of Philadelphia v. Fleming Companies, Inc.*, 264 F.3d 1245, 1261 (10th Cir. 2001) ("[A]llegations of GAAP violations or accounting irregularities, standing alone, are insufficient to state a securities fraud claim. Only where such allegations are coupled with evidence that the violations or irregularities were the result of the defendant's fraudulent intent to mislead investors may they be sufficient to state a claim.") (citation omitted).

Order for Amended Complaint at 3-4, Doc. 5, filed April 15, 2025 (n. 2 states: "Discharge" means, among other things, "Any method by which a legal duty is extinguished; esp., the payment of a debt or satisfaction of some other obligation." Black's Law Dictionary (12th ed. 2024); n.3 states: "GAAP" appears to refer to "generally accepted accounting principles."). Judge Yarbrough ordered Plaintiff to either amend the complaint to plausibly state federal law claims or to show cause why the Plaintiff believes the claims are sufficient in their current form. *See* Order for Amended Complaint at 5, 7 (setting May 6, 2025, deadline to respond); Order, Doc. 7, filed May 7, 2025 (granting Plaintiff's motion for a 21-day extension of time to file an amended complaint). Plaintiff did not file an amended complaint or show cause why the Court should not dismiss her federal law claims by the May 28, 2025, deadline.

    The Court dismisses Plaintiff's federal law claims for failure to state a claim. The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**